UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-cv-24166-CMA

WINDY LUCIUS,

     Plaintiff,

v.

ROCHE-BOBOIS U.S.A., LTD.,

     Defendant.

_____/

**VERIFIED MOTION FOR DEFAULT AND DEFAULT FINAL JUDGMENT
AND APPLICATION FOR ATTORNEY'S FEES, COSTS, EXPERT WITNESS
FEES AND LITIGATION EXPENSES AND MEMORANDUM OF LAW**

     COMES NOW, Plaintiff, WINDY LUCIUS, ("Plaintiff"), by and through undersigned counsel and pursuant to F.P.C.P. 55(b), hereby moves this Honorable Court for entry of Default and Default Final Judgment against Defendant, ROCHE-BOBOIS U.S.A., LTD., ("Defendant"), for failure to answer or plead in said action as required by law, and in support thereof alleges as follows:

**FACTS AND PROCEDURAL HISTORY**

     1.    Plaintiff filed her Complaint in the above captioned matter for injunctive relief and attorney's fees and costs pursuant to 42 U.S.C. §12181, *et seq.* ("Americans With Disabilities Act" or "ADA"). Defendant was served with process and, when no response was forthcoming, a Clerk's Default was entered against Defendant on November 16, 2020 [DE 10]. To date, there has been no response from Defendant.

     2.    Plaintiff now requests that the Court enter Judgment on that default awarding the

relief afforded by the ADA. In addition, she also seeks her attorney's fees, costs, litigation expenses and expert fees.

3.     Defendant is not an infant or incompetent person and is not in the military service of the United States as the Defendant is the corporation itself.

4.     Plaintiff's Complaint seeks injunctive relief. Irreparable harm will occur to Plaintiff, and all similarly aggrieved parties, if injunctive relief is not granted, as Plaintiff will be unable to enjoy full and equal enjoyment of the goods, services, facilities and accommodations offered by the Defendant's place of business as a direct result of Defendant's violations of the Americans with Disabilities Act. Moreover, Plaintiff has no adequate remedy at law. Granting an injunction will serve the public interest by protecting the civil rights of individuals with disabilities. Given Defendant's failure to retain counsel in this matter and failure to file a responsive pleading in this action, there is a substantial likelihood of success in attaining an injunction.

5.     Failure to grant an injunction will result in Plaintiff's continued exposure to harm with no method of recourse.

6.     Because Defendant's website has never been equally accessible, and because Defendant lacks a corporate policy that is reasonably calculated to cause its website to become and remain accessible, Plaintiff invokes the provisions of 42 U.S.C. § 12188(a)(2), and seeks a permanent injunction requiring Defendant to retain a qualified consultant acceptable to Plaintiff ("Agreed Upon Consultant") to assist Defendant to comply with the ADA by making the website accessible, using guidelines which would allow all functions of the website to be performed using a keyboard. Plaintiff seeks that this permanent injunction require Defendant to cooperate with the Agreed Upon Consultant to:

      a.     Train Defendant's employees and agents who develop the Defendant's website, on accessibility and compliance with the ADA to allow all functions of the website to be accessible to persons using screen-readers using only a keyboard;

      b.     Regularly check the accessibility of Defendant's website to maintain its accessibility as required by the ADA and to allow all functions of the website to be accessible to persons using screen-readers using only a keyboard;

      c.     Regularly test end-user accessibility of the website by blind or visually-impaired screen-reader users to ensure that Defendant's website is accessible to blind and visually-impaired individuals who would access the website with screen-reading technology; and

      d.     Develop an accessibility policy that is clearly disclosed on its website, with contact information for users to report accessibility-related problems and be provided with meaningful resolution after Defendant has investigated and identified the accessibility-related problem that was identified and reported to Defendant.

### ARGUMENT

## I.     PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, et seq., based on Defendants' violations of Title III of the Americans With Disabilities Act (see also, 28 U.S.C. §2201 and §2202).

Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of Civil Procedure, such as the Defendant in this action, a default

shall be entered against that party. Thereafter, a default judgment shall be entered by the court against the Defendant, based upon evidence provided by a supporting affidavit and/or hearing if necessary.

On July 26, 1990, Congress enacted the Americans With Disabilities Act, and established January 26, 1992, as the date when all public accommodations had to comply therewith. 42 U.S.C. §12181; 28 CFR §36.508(a) (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). Under either scenario, the Defendants' deadline for compliance has long passed.

The public accommodation which is owned and/or operated by Defendant, and which is the subject of this action is a store located at 3454 Biscayne Blvd., Miami, Florida 33137 (hereinafter the "subject property" or the "facility"), must be accessible by individuals with disabilities.

Pursuant to 42 U.S.C. §12181(7); 28 CFR § 36.104, the facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR Part 36. Defendant is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR § 36.302 *et seq.*, and is discriminating against the Plaintiff. The discrimination is based on the Defendant denying Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove barriers to Defendant's public

4

accommodation by and through its website (https://roche-bobois.com/en-US), pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv), where such removal is readily achievable.

Pursuant to 42 U.S.C. 12188(a)(2), this Court is provided authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed. In *Access 4 All, Inc. v. Ulster Heights Properties, Inc.,* 2009 WL 256008 (S.D.N.Y. February 2, 2009), the Southern District of New York addressed the relief to which a plaintiff is entitled in the wake of a default. These include the entry of judgment mandating that the defendant bring its facility into full compliance with the ADA. Because of the default, the Defendants have admitted the well pleaded allegations of the complaint. *Cotton v. Mass. Mutual Life Inc. Co.,* 402 F3d 1267, 1277-78 (11th Cir. 2005) (citations omitted). In addition, the Plaintiff retained Michael McCaffrey of ADASure as an expert to perform an initial evaluation of the Defendants' website. Michael McCaffrey's summary is appended to this Motion and identified as **Exhibit A** describing the barriers that exist at the Defendant's website that prevent access to Defendant's public accommodation. Exhibit A also includes his CV. More specifically, the Defendant's website contains multiple barriers that preclude access to Defendant's public accommodation in violation of the ADA and the regulations promulgated thereto in the following particulars:

- Text alternatives for non-text content are not provided;
- Website is not accessible by keyboard only;
- Elements are not labeled and give instructions;

- The name and role of user interface components (e.g. form inputs, buttons, links, etc.) are not programmatically determinable;

- Users do not have access to audio description for video content;

- Website should not use images of text which cannot be read by a screen reader.

Because the Defendant refuses to defend itself in this action, entering a Final Default Judgment is proper in this action and is the appropriate remedy at law. The Plaintiff has every confidence that she would prevail at trial or summary judgment should this case be decided upon its merits. Since the Defendant has exhibited no desire to participate in litigation, despite being given more than ample opportunity to do so, the Court has no other available remedy except to enter a Default Judgment. ""If Defendant fails to respond to a complaint, a default judgment may be entered on behalf of Plaintiff." *Federal Maritime Com'n v. South Carolina State Ports Authority,* 535 U.S. 743, 757 (U.S. 2002).

Moreover, "[a]nd, when a party fails to answer or appear in an adversary proceeding, the Federal Rule governing default judgment applies." *Tennessee Student Assistance Corp. v. Hood,* 541 U.S. 440, 458 (U.S. 2004).

A.     **Injunctive Relief**

The Defendant is in violation of 42 U.S.C. § 12182 *et. seq.* of the Americans with Disabilities Act and 28 CFR § 36.302 *et seq.* Since the Defendant is in violation of the ADA, has discriminated against Plaintiff through said violations and has not rendered any Answer or other responsive pleading in this action, the Plaintiff respectfully requests this Court enter a Default Final Judgment requiring the Defendant to retain a qualified consultant acceptable to Plaintiff ("Agreed Upon Consultant") to assist Defendant to comply with the ADA by

6

making the website accessible, using guidelines which would allow all functions of the website to be performed using a keyboard. Plaintiff requests the order require Defendant to cooperate with the Agreed Upon Consultant to:

      a.    Train Defendant's employees and agents who develop the Defendant's website on accessibility and compliance with the ADA to allow all functions of the website to be accessible to persons using screen-readers using only a keyboard;

      b.    Regularly check the accessibility of Defendant's website to maintain its accessibility as required by the ADA and to allow all functions of the website to be accessible to persons using screen-readers using only a keyboard;

      c.    Regularly test end-user accessibility of the website by blind or visually-impaired screen-reader users to ensure that Defendant's website is accessible to blind and visually-impaired individuals who would access the website with screen-reading technology; and

      d.    Develop an accessibility policy that is clearly disclosed on its website, with contact information for users to report accessibility-related problems and be provided with meaningful resolution after Defendant has investigated and identified the accessibility-related problem that was identified and reported to Defendant.

**B.**    <u>**Proposed Compliance**</u>

The Plaintiff respectfully requests this Honorable Court to Order the Defendant to comply with the terms of this Default Final Judgment within ninety (90) days of the entry of this Judgment as the barriers have been determined to range from medium to high in severity in preventing access but range from easy to medium to fix or remove.

7

## II.   A PREVAILING PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES, COSTS, LITIGATION EXPENSES AND EXPERT FEES

Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has incurred attorney's fees, including costs, litigation expenses and expert's fees and costs. Plaintiff is entitled to recover those attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205. In the instant action, and as a result of the default, the Plaintiff is the prevailing party under *Buckhannon Bd. & Care Home, Inc. v. W Va. Dep't of Health & Human Res.,* 532 U.S. 598 (2001). For that reason, and under 42 U.S.C. § 12205, the Plaintiff is entitled to recover her attorney's fees, expert fees, litigation expenses and costs.

### A.   Plaintiff's Civil Rights Claims Warrant A Full Award

The relief obtained by the Plaintiff in this action will not only benefit the Plaintiff, but every other individual with a disability who enters into and/or uses the subject facility. Therefore, Plaintiff would be entitled to fees equal to the unreduced lodestar amount where the public interest is also served. *See Villano v. City of Boynton Beach,* 254 F.3d 1302, 1305 (11th Cir. 2001) (In analyzing plaintiff's application the Court must also consider the benefits the public as a whole obtained from this civil rights action); *Ducksworth v. Whisenant,* 97 F.3d 1393 (11th Cir. 1996); *Williams v. Roberts,* 904 F.2d 634 (11th Cir. 1990). Where, as here, the relief sought is injunctive (damages are not awarded under Title III of the ADA), it would be error for the district court to reduce an award of attorney's fees in a civil rights action even if the damages obtained were nominal if the Plaintiff's vindicated a public policy. *Lynch v. City of Milwaukee,* 747 F.2d 423 (7th Cir. 1984); *McHenry v. Chadwick,* 896 F.2d 184 (6th Cir. 1990).

8

In the case at bar, "the public as a whole benefits from this civil rights litigation, as distinguished from a private tort suit where only the individual plaintiff benefits... " "Congress has elected to encourage meritorious civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large, irrespective of whether the action seeks monetary damages. Moreover, the Supreme Court has articulated this distinction by stating that 'unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'" *Villano* at 1305 *(quoting, Blanchard v. Bergeron,* 489 U.S. 87, 96, 109 S. Ct. 939, 103 L. Ed.2d 67 (1989) and *City of Riverside v. Rivera,* 477 U.S. 561, 574, 106 S. Ct. 2686, 91 L. Ed.2d 466 (1986).

The 11th Circuit has previously explained that a court that reduces such an attorney's fees award would err if it ignores the fact that the plaintiff in a civil rights action benefited the public interest by vindicating his civil rights. *Villano* at 1306.

### 1.     Plaintiff's Attorney's Rates Are Reasonable

The first step in determining the lodestar analysis is to determine the reasonable rate to be awarded to Plaintiff's counsel and the reasonable hours that counsel is entitled to. The Court is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value. *Norman v. Housing Auth. Of Montgomery,* 836 F.2d 1292 (11th Cir. 1988). Furthermore, the rate to be applied for Plaintiff counsel should be "based upon reasonable standards in the community for attorneys of similar experience in handling similar cases." *Behrens v. Wometco Enter.,* 118

F.R.D. 534 (S.D. Fla. 1988).

## 2.     Rates of Attorneys in Comparable Litigation

Rates ranging from $275 to $500 per hour have been found by Courts of this jurisdiction to be reasonable in similar types of litigation. *In re Domestic Air Transportation Antitrust Litigation,* 148 F.R.D. 297 (N.D. Ga. 1993); *Cuban Museum of Arts & Culture, Inc. v. City of Miami,* 771 F. Supp. 1190 (S.D. Fla. 1991).  The Court is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value. *Norman v. Housing Auth. Of Montgomery,* 836 F.2d 1292 (11th Cir. 1988). Furthermore, the rate to be applied for Plaintiff's counsel should be "based upon reasonable standards in the community for attorneys of similar experience in handling similar cases." *Behrens v. Wometco Enter.,* 118 F.R.D. 534 (S.D. Fla. 1988).

### a.     U.S. Consumer Law Attorney Fee Report

To do so, the Court may turn to the most recent United States Consumer Law Attorney Fee Report, a source on which a number of district courts in this circuit have relied in analyzing the reasonableness of fee requests.  *See* https://www.nclc.org/images/pdf/litigtation/tools/atty-fee-survey-2015-2016.pdf; *see also Construction Laborers Trust Funds for Southern California Administrative Company v. Precision Masonry Builders,* Order Granting Plaintiff's Motion for Default Judgment March 19, 2018, Case No. 2:16-cv-04358-ODW (C.D. Cal., March 19, 2018) (applying the 2015-16 report in finding $550.00 per hour attorney rate was reasonable); *see also Brooks v. Sun Cash of SD, LLC,* 2018 U.S. Dist. LEXIS 20310, 2018 WL 747795 (S.D. Cal., Feb 7, 2018) (applying

the 2013-14 report in awarding consumer attorney fees) and *United States Postal Serv. Fed. Credit Union v. Edwin,* 2018 U.S. Dist. LEXIS 31532, 2018 WL 1077291 (D. Virgin Islands, St. Croix Div., Feb. 27, 2018) (using the 2015-16 report when reviewing fees); *see also Moore v. Midland Credit Mgmt., Inc.,* No. 3:12-CV-166-TLS, 2012 WL 6217597, at \*4 (N.D. Ind. Dec. 12, 2012) (collecting cases).

While this matter does not fall under consumer litigation, the litigation is comparable and courts in many jurisdictions have relied on this report to consider appropriate attorney fee determinations in cases that did not precisely fall under consumer litigation. In reviewing the Consumer Law Attorney Fee Report (2020), the median attorney rate for all consumer attorneys in Florida is $350.00 per hour. *US Consumer Law Attorney Fee Survey Report* at p. 77. The 75% median range is $425.00 per hour and the 25% median range is $300.00 per hour. *Id.*

### b.   <u>USAO Attorney Fees Matrix</u>

Plaintiff also refers the Court to the USAO ATTORNEY'S FEES MATRIX - 2015-2019. *See* https://www.justice.gov/usao-dc/file/796471/download. This matrix of hourly rates was prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorney's fees in civil cases in District of Columbia courts. The matrix is intended for use in cases in which a fee shifting statute permits the prevailing party to recover "reasonable" attorney's fees. See, e.g., 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act). The hourly rate for attorneys with 21-30 years of experience level is listed at $572.00 per hour.

### 3.    Plaintiff's Attorney's Fees Rates and Experience

Attorney J. Courtney Cunningham billed at $400.00 per hour in this matter which is matches the median range contained in the report for attorneys with 21-30 years of consumer law experience in Florida.  It is also below the rate listed in the USAO Matrix which is set at $572.00 per hour. Based upon all of these factors, all fees sought by Plaintiff's Counsel should be awarded in full.

The time expended by Plaintiff's counsel in drafting this motion should also be included. The time incurred by Plaintiff's counsel in filing, preparing and litigating this fee application and any fee hearings is compensable. *See Martin v. University of South Alabama* , 911 F.2d 604, 610 (11th Cir. 1990); *Guerrero v. Commings,* 70 F.3d 1111 (9th Cir. 1995); *Davis v. City and County Of San Francisco,* 976 F.2d 1536, 1544 (9th Cir. 1.992); *Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist.,* 71 F.3d 1053 (2nd Cir. 1995); *Barlow-Gresham Union High School District No. 2 v. Mitchell,* 940 F.2d 80 (9th Cir. 1991); *Lund v. Affleck,* 587 F.2d 75 (1st Cir. 1978); *Gagne v. Maher,* 594 F.2d 336 (1979); *Johnson v. State of Mississippi,* 606 F.2d 635 (5th Cir. 1979); *Bagby v. Beal,* 606 F.2d 411 (3d Cir. 1979); *Prandini v. National Tea Company,* 585 F.2d 47 (3d Cir. 1978).

Plaintiff's attorney has significant experience litigating civil rights cases, including ADA Title III cases. J. Courtney Cunningham has approximately thirty (30) years of experience as an attorney in litigation, government relations and public policy. He was admitted to practice law in Florida in 1987. He is admitted to practice law in the United States District Court for the Southern District of Florida, the United States District Court for the Middle District of Florida, the United States District Court for the Northern District of

Florida, and the United States Court of Appeals for the 11th Circuit. He has handled hundreds of cases representing persons with disabilities who allege civil rights claims from district level to appeal.  He has also acted as lead counsel in two appellate cases which created new law regarding disability rights.  *See Nat'l Ass'n. of the Deaf v. Florida,* 2020 U.S. App. LEXIS 35395 (11th Cir. 2020) and *Sierra v. City of Hallandale Beach*, Florida, 904 F.3d 1343 (11th Cir. 2018).

### 4.     Plaintiff's Fees and Costs Expended are Reasonable and Necessary

The time spent by Plaintiff's counsel was reasonable and necessary to meet the required court deadlines and obtain a favorable result for the Plaintiff. The following have been incurred on behalf of the Plaintiff: $4,585.00 in legal fees and $1535.00 in expenses and costs. *See* J. Courtney Cunningham, Esq.'s Affidavit attached hereto as **Exhibit B.** Plaintiff's attorney fees are contingent upon an award by the Court and payment by the Defendant. Upon being awarded fees and costs, Plaintiff's counsel must still pursue compliance with the Court's order and collection of the fees and costs. Plaintiff's counsel certifies that he has reviewed the firm's time records and supporting data and that this Motion is well grounded in fact and justified.

### CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order awarding Plaintiff and his counsel reasonable attorney's fees, including litigation expenses and costs, totaling $6,120.00.

### VERIFICATION

I, J. Courtney Cunningham, Esq., pursuant to 28 U.S.C. § 1746, hereby declare

under penalty of perjury that the foregoing is true and correct to the best of my knowledge and this declaration was executed in Miami-Dade County, Florida on this 24th day of November, 2020.

/s/ J. Courtney Cunningham
J. Courtney Cunningham, Esq.
FBN: 628166

WHEREFORE, the Plaintiff, WINDY LUCIUS, respectfully requests this Honorable Court enter an Order granting Plaintiffs Motion for Default Final Judgment and enter a Default Final Judgment in favor of the Plaintiff and against the Defendant, ROCHE-BOBOIS, U.S.A., LTD., granting the injunctive relief requested; Order the Defendant to comply with the ADA by removing barriers to access by and through Defendant's website; and retain jurisdiction over the issues pertaining to entitlement and amount of Plaintiffs attorney's fees and costs or award same in the Default Final Judgment.

Respectfully submitted,

/s/ J. Courtney Cunningham
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, FL 33156
T: 305-351-2014
cc@cunninghampllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day to Roche-Bobois U.S.A., Ltd., c/o registered

agent, 200 Madison Ave, New York, New York 10016, via regular mail.

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.