**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-24166-CIV-ALTONAGA/Torres**

**WINDY LUCIUS**,

      Plaintiff,

v.

**ROCHE-BOBOIS U.S.A., LTD.**,

      Defendant.

_____/

**<u>FINAL JUDGMENT</u>**

Pursuant to the Court's Order [ECF No. 17] granting Plaintiff, Windy Lucius's Verified Motion for Default and Default Final Judgment and Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses [ECF No. 16], it is

**ORDERED AND ADJUDGED** as follows:

1. Final Judgment is hereby entered in favor of the Plaintiff, Windy Lucius, and against Defendant, Roche-Bobois U.S.A., Ltd., in the form of injunctive relief.   Defendant has violated the Americans with Disabilities Act and the Court orders Defendant to remove the ADA violations constituting barriers to access of Defendant's public accommodation by and through Defendant's website.

2. Defendant is required to retain a qualified consultant acceptable to Plaintiff ("Agreed Upon Consultant") to assist Defendant with ADA compliance by making the website accessible by using guidelines which would allow all functions of the website to be performed by persons accessing the website with a screen-readers using only a keyboard. Defendant is ordered to cooperate with the Agreed Upon Consultant to:

    a)  Train Defendant's employees and agents who develop the Defendant's website

CASE NO. 20-24166-CIV-ALTONAGA/Torres

on accessibility and compliance with the ADA to allow all functions of the website to be accessible to persons using screen-readers using only a keyboard;

b) Regularly check the accessibility of Defendant's website to maintain its accessibility as required by the ADA and to allow all functions of the website to be accessible to persons using screen-readers using only a keyboard;

c) Regularly test end-user accessibility of the website by blind or visually-impaired screen-reader users to ensure that Defendant's website is accessible to blind and visually-impaired individuals who would access the website with screen-reading technology; and

d) Develop an accessibility policy that is clearly disclosed on its website, with contact information for users to report accessibility-related problems and be provided with meaningful resolution after Defendant has investigated and identified the accessibility-related problem that was identified and reported to Defendant.

3. Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 42 U.S.C. sections 12205 and 12217, in the amount of $6,120.00.

4. The Defendant shall comply with the terms of this Final Judgment within one hundred and twenty (120) days of entry of this Final Judgment.

**DONE AND ORDERED** in Miami, Florida, this 18th day of December, 2020.

*Cecilia M. Altonaga*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record